UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJLAA JALUOB,

        Plaintiff,

vs.

CITY OF DEARBORN POLICE OFFICERS
JACKSON, KUSNIR, LAWSON, KNEESHAW
KASS, and HOYE,
in their individual capacities, and
THE CITY OF DEARBORN
Jointly and Severally,

        Defendants.

Case No.

Hon.

_____

**ERNST LAW FIRM, PLC**
KEVIN S. ERNST (P44223)
HANNAH R. FIELSTRA (P82101)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
kevin@ernstlawplc.com
hannah@ernstlawplc.com
_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff NAJLAA JALUOB, complains as follows:

1

## **VENUE AND JURISDICTION**

1. This is an action for money damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and is cognizable under 42 U.S.C. §§1983 and 1988.

2. This lawsuit arises out of events occurring within the City of Dearborn, Michigan, located in the Eastern District of Michigan.

3. Jurisdiction is proper pursuant to 28 USC §§ 1331.

4. Venue is proper pursuant to 28 USC § 1391(b).

5. Plaintiff NAJLAA JALOUB is, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

6. This cause of action arose in the City of Dearborn, Michigan.

7. Defendants JACKSON, KUSNIR, LAWSON, KNEESHAW KASS, and HOYE were at all times relevant hereto, City of Dearborn Police Officers and are being sued in their individual capacities.

8. At material times, Defendants acted under color of state law, and pursuant to the policies, practices, customs, and usages of the Dearborn Police Department.

9. The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

10.   Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

11.   On February 27, 2021, Plaintiff Najlaa Jaluob was at her home with her four children, including her daughter who was fifteen years old at the time.

12.   Plaintiff's fifteen-year-old daughter suffered from mental health issues, including a history self-harm and severe depressive episodes.

13.   Earlier that day, Plaintiff's daughter got into a verbal argument with her mother and began throwing things around her room, hitting her head against the wall and threatening to call the police and tell them that her mother hit her.

14.   At approximately 3:20pm, Defendant Dearborn Police Officers arrived at Plaintiff's home after her daughter called the police and told them that Plaintiff hit her.

15.   Defendants forced Plaintiff to the ground and forcefully handcuffed Ms. Jaluob.

16.   From a sitting position Defendants pulled Ms. Jaluob up from the ground while she complained that she was hurt, and dragged her out of the house in front of her minor children.

17. Ms. Jaluob was not wearing shoes, or her hijab and she was not allowed to gather those things and put them on.

18. While forcefully dragging Ms. Jaluob out of her house, Defendants injured her neck, right shoulder and right hand.

19. Defendants arrested Ms. Jaluob for child abuse and transported her to the Dearborn Police Department.

20. Ms. Jaluob was incarcerated in the Dearborn Jail for four days. She repeatedly asked for medical attention for her neck, shoulder and hand, which was denied.

21. While incarcerated, she did not have her hijab and was only wearing a T-shirt, which was further humiliating to her because of her religion and its practices and beliefs.

22. Plaintiff was charged with misdemeanor child neglect.

23. The charges were thereafter dismissed for lack of evidence.

## COUNT I: EXCESSIVE FORCE AS TO ALL DEFENDANT OFFICERS

24. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by Defendant Officers.

26. The degree of force used by the Defendant Officers was objectively unreasonable and excessive in light of the circumstances.

27. Defendant Officers subjected Plaintiff to the use of excessive force by forcing Plaintiff onto the ground, forcefully handcuffing her, and forcefully dragging her out of her house, among other acts of excessive force to be discovered through the course of litigation.

28. Defendant Officers' conduct in using excessive force violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a result of Defendant Officers' conduct, Plaintiff suffered serious and severe damages, as hereinafter alleged.

### COUNT II: WRONGFUL ARREST, DETENTION, AND PROSECUTION AS TO ALL DEFENDANT OFFICERS

30. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

31. Plaintiff had a constitutional right under the Fourth Amendment, incorporated through the Fourteenth Amendment, to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

32. The Defendant Officers arrested and detained Plaintiff without probable cause or reasonable suspicion and entered her home without a warrant.

33. At all relevant times all Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the Fourth Amendment to the United States Constitution.

34. The actions and/or omissions of all Defendants as described above constitute violations of the United States Constitution as an unreasonable seizure, arrest, and detention in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

35. Further, All Defendants actions deprived Plaintiff of liberty, bodily security, and integrity without due process of law.

36. Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

37. The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the Defendants' position would have understood that the conduct violated said right.

38. All Defendants are therefore not entitled to qualified immunity.

39. As a result of Defendants' actions, Plaintiff suffered serious and severe damages as hereinafter alleged.

## COUNT III: VIOLATION OF MCL § 600.2907

40. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. As alleged above, Defendants instituted and/or continued criminal proceedings against Plaintiff.

42. Defendants caused Plaintiff to be prosecuted for vexation and trouble, and without Plaintiff's consent.

43. Defendants maliciously and without probable cause prosecuted Plaintiff.

44. Defendants prosecuted Plaintiff with a primary purpose other than bringing accused to justice. In fact, Defendants could not have had the primary purpose of bringing Plaintiff to justice as Plaintiff unequivocally committed no crimes.

45. The above prosecution was terminated favorably to Plaintiff when charges against her were dismissed.

46. As such, Defendants' prosecution of Plaintiff was wrongful and in violation of MCL § 600.2907.

47. As a result of Defendants' conduct, Plaintiff suffered serious and severe damages, as hereinafter alleged.

48. Plaintiff also incurred significant damages and expense in defending against Defendants' malicious prosecution and is thereby entitled to treble damages and punitive damages.

## DAMAGES

49. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

50. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

a. Injuries to Plaintiff's right arm;

b. Injuries to Plaintiff's right shoulder;

c. Injuries to Plaintiff's neck;

d. Injuries to Plaintiff's right hand;

e. Bruising;

f. Stress and anxiety;

g. Physical pain, suffering and discomfort, past, present and future;

h. Aggravation, exacerbation, and acceleration of pre-existing injuries;

i. Injury to reputation;

j. Mental anguish;

k. Fright and shock;

l. Humiliation and discomfiture;

m. Mortification and embarrassment;

n. Emotional and psychological injuries;

o.    Loss of enjoyment of social pleasures;

p.    Medical bills;

q.    Attorney fees and costs; and

r.    Other injuries and damages to be discovered through the course of litigation.

51.    By virtue of the nature of all Defendants' actions, Plaintiff is entitled to recover compensatory, punitive, and exemplary damages against all Defendants.

52.    Plaintiff also seeks an award of attorney fees against all Defendants, pursuant to 42 U.S.C. § 1988.

    WHEREFORE, Plaintiff NAJLAA JALUOB respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

    Respectfully submitted,

*/s/ Hannah R. Fielstra*
HANNAH R. FIELSTRA (P82101)
Counsel for Plaintiff

Date: November 21, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJLAA JALUOB,

          Plaintiff,

vs.

Case No.

Hon.

CITY OF DEARBORN POLICE OFFICERS
JACKSON, KUSNIR, LAWSON, KNEESHAW
KASS, and HOYE,
in their individual capacities, and
THE CITY OF DEARBORN
Jointly and Severally,

          Defendants.
_____

**ERNST LAW FIRM, PLC**
KEVIN S. ERNST (P44223)
HANNAH R. FIELSTRA (P82101)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
kevin@ernstlawplc.com
hannah@ernstlawplc.com
_____

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

          Respectfully submitted,

          */s/ Hannah R. Fielstra*
          HANNAH R. FIELSTRA (P82101)
          Counsel for Plaintiff

Date: November 21, 2023